UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARVIN BONDHUS, MD, individually
and on behalf of all others similarly situated,

    Plaintiff,

vs.                                          **Class Action**

HENRY SCHEIN, INC.,
a Delaware Corporation,

    Defendant.
_____/

## COMPLAINT

and

## JURY DEMAND

This is a class action alleging that the Defendant, Henry Schein, Inc., has violated the Telephone Consumer Protection Act and implementing regulations by sending facsimile advertisements to persons and entities that do not contain the legally required language. Plaintiff, Marvin Bondhus, MD, individually and on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

## PRELIMINARY STATEMENT

1. The Telephone Consumer Protection Act, as amended by the Junk Facsimile Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct and authorizes an award of damages whenever a violation occurs. The TCPA provides a private right of action and statutory damages for each violation.

1

2. Plaintiff, Marvin Bondhus, MD, individually and on behalf of all others similarly situated, brings this action against Defendant Henry Schein, Inc. for its violation of the TCPA by sending, or authorizing the sending, of noncompliant facsimile advertisements to the telephone facsimile machine of the Plaintiff and to the telephone facsimile machines of other persons or entities that do not contain the requisite opt-out notice. The facsimile advertisement sent to Plaintiff is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 47 U.S.C. §§ 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in Miami, Florida, and the offending facsimile was sent to Plaintiff's facsimile number, which has a Miami area code.

## PARTIES

5. Plaintiff, Marvin Bondhus, MD, has his principal place of business in Miami-Dade County at 7000 SW 62nd Avenue, Suite 340, South Miami, FL 33143.

6. Defendant, Henry Schein, Inc., is a for-profit Delaware corporation with its principal place of business at 135 Duryea Road, Melville, NY 11747.

## GENERAL ALLEGATIONS

7. Defendant is the world's largest provider of health care products and services to office-based dental, animal health, and medical practitioners.

8. Defendant transmits facsimiles that advertise its products and services to the telephone facsimile machines of potential customers.

9. On or about June 22, 2014, Defendant transmitted a facsimile advertisement promoting its products to Plaintiff's telephone facsimile machine at (305) 667-0630.

10. Defendant's facsimile advertisement failed to contain a clear and conspicuous opt-out notice stating that the recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful; nor did it explain that a request to opt-out complies with the TCPA only if (a) it identifies the telephone number of the fax machine to which the request relates; and (b) the person making the request does not, after the initial opt-out request, provide express permission for the sender to send fax advertisements.

11. In addition to failing to include the legally required opt-out language, Defendant's purported opt-out provision includes language adverse to the spirit of the TCPA, as it attempts to discourage opting-out by indicating that discounts and specials will no longer be made available to the recipients if the recipients exercise their right to opt-out.

12. Upon information and belief, Defendant sent similar facsimile advertisements to the telephone facsimile machines of other persons, entities, and members of other targeted groups, that (a) failed to contain a clear and conspicuous opt-out notice stating that the recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful; and (b) failed to explain that a request to opt-out complies with the TCPA only if (a) it identifies the telephone number of the fax machine to which the request relates; and (b) the person making the request does not, after the initial opt-out request, provide express permission for the sender to send fax advertisements

13.     A compliant opt-out notice is required to be included on all facsimile advertisements by the TCPA and its implementing regulations, 47 C.F.R. 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of himself and a class of all persons similarly situated.

15.     Plaintiff brings this class action pursuant to the TCPA, and is a member of and seeks to represent a class of persons ("Plaintiff Class") defined as:

> "All persons and entities in the United States who were sent one or more facsimiles to a telephone facsimile machine after August 14, 2011, advertising Defendant's products and/or services, where the advertisement failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful."

16.     <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff, upon information and belief, avers that the proposed class is in excess of 100 persons.  The class size is so numerous that joinder of all members is impracticable and uneconomical.

17.     <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: There are questions of law and fact common to all members of the Plaintiff Class.  Common material questions of fact and law include, but are not limited to, the following:

  a. whether the Defendant (or another on its behalf) transmitted a facsimile advertisement promoting its goods or services to the telephone facsimile machines of Plaintiff and other members of the Plaintiff Class;

  b. whether Defendant's facsimile advertisements failed to state that the sender's failure to comply, within 30 days, with a request not to send future

    advertisements to the recipient's telephone facsimile machine or machines is unlawful;

c. whether the Defendant violated the provisions of 47 C.F.R. § 64.1200 by sending facsimile advertisements that failed to state that the sender's failure to comply, within 30 days, with a request not to send future advertisements to the recipient's telephone facsimile machine or machines is unlawful;

d. whether Defendant's facsimile advertisements also failed to explain that a request to opt-out complies with the TCPA only if (a) it identifies the telephone number of the fax machine to which the request relates; and (b) the person making the request does not, after the initial opt-out request, provide express permission for the sender to send fax advertisements;

e. whether the Defendant also violated the provisions of 47 C.F.R. § 64.1200 by sending facsimile advertisements that failed to explain that a request to opt-out complies with the TCPA only if (a) it identifies the telephone number of the fax machine to which the request relates; and (b) the person making the request does not, after the initial opt-out request, provide express permission for the sender to send fax advertisements;

f. whether the Plaintiff and the other members of the Plaintiff Class are entitled to statutory damages; and

g. whether the Plaintiff and the other members of the Plaintiff Class are entitled to treble damages.

    18.    <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: The claims of the named Plaintiff, Marvin Bondhus, MD, are typical of the claims of all members of the Plaintiff Class.

Defendant sent facsimile advertisements promoting its products to Plaintiff and the Plaintiff Class that failed to contain requisite opt-out language. Plaintiff raises questions of fact and law common to the Plaintiff Class, and Plaintiff's injuries arise from the same conduct as all members of the Plaintiff Class. The Defendant has acted the same or in a similar manner with respect to the named Plaintiff and all members of the Plaintiff Class.

19. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff, Marvin Bondhus, MD, will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff is committed to this cause, will litigate vigorously, and is aware of the fiduciary duties of a class representative. Plaintiff's interests are consistent with and not antagonistic to the interests of the Plaintiff Class. Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent himself and the Plaintiff Class.

20. Class counsel is experienced in class action litigation and has successfully litigated class claims.

21. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

  a. proof of Plaintiff's claims will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings;

6

b. evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c. the Defendant has acted and is continuing to act pursuant to common policies or practices by transmitting facsimile advertisements promoting its goods or services to the telephone facsimile machines of all members of the Plaintiff Class that fail to contain the legally required notice stating that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful;

d. the Defendant has acted and is continuing to act pursuant to common policies or practices by transmitting facsimile advertisements promoting its goods or services to the telephone facsimile machines of all members of the Plaintiff Class that also fail to explain that a request to opt-out complies with the TCPA only if (a) it identifies the telephone number of the fax machine to which the request relates; and (b) the person making the request does not, after the initial opt-out request, provide express permission for the sender to send fax advertisements;

e. the amount likely to be recovered by individual class members does not support individual litigation;

f. a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

g. this case is inherently manageable as a class action in that:

    i.    the Defendant identified persons or entities to receive the facsimile advertisement transmissions and it is believed that the Defendant's computer and business records, or that of its agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

    ii.    liability and damages can be established for the Plaintiff and the class with the same common proofs;

    iii.    statutory damages are provided for in the statute and are the same for all Plaintiff Class members and can be calculated in the same or a similar manner;

    iv.    a class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

    v.    a class action will contribute to uniformity of decisions concerning the Defendant's practices; and

    vi.    as a practical matter, the claims of the members of the Plaintiff Class are likely to go unaddressed absent class certification.

### Count 1
### Claim for Relief for Violations of the TCPA

22. Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 21 above.

23. This is an action by named Plaintiff, Marvin Bondhus, MD, and the Plaintiff Class against Defendant, for violations of the TCPA.

24. Defendant violated the TCPA (47 C.F.R. § 64.1200(a)(4)) which applies to all facsimiles advertisements, by causing the transmission of facsimile advertisements to

Plaintiff and the members of the Plaintiff Class which failed to contain the requisite opt-out notice.

25. The named Plaintiff and the members of the Plaintiff Class are entitled to $1,500 in statutory damages against Defendant for each facsimile advertisement promoting its products or services that was knowingly and willfully sent to a telephone facsimile machine that failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful.

26. In the alternative, the named Plaintiff and the members of the Plaintiff Class are entitled to $500 in statutory damages against Defendant for each facsimile advertisement promoting its products or services that was negligently sent to a telephone facsimile machine that failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant and requests an order:

   A. certifying this action as a class action pursuant to Rule 23, appointing Plaintiff Marvin Bondhus, MD as the representative of the class, and appointing Plaintiff's undersigned counsel as counsel for the class;

   B. finding that Defendant caused facsimile advertisements to be sent to class members that failed to contain the opt-out notice required by the TCPA and its implementing regulations;

   C. finding that Defendant is liable to pay statutory damages of $1,500 for each facsimile advertisement that was knowingly and willfully sent to a class

      member, which failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful;

D. finding that, in the alternative, Defendant is liable to pay statutory damages of $500 for each facsimile advertisement that was negligently sent to a class member, which failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful;

E. entering a judgment in favor of the Class Representative for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F. requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the Plaintiff Class members after deducting costs and fees as determined by the Court;

G. awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee to the Plaintiff Class members; and

H. granting supplemental equitable relief as may be appropriate.

## JURY DEMAND

Plaintiff and Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com
Bennett & Bennett
1200 Anastasia Ave., Ofc 360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By:  *s/ Richard Bennett*
       Richard Bennett