UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-62650-CV-COOKE/TORRES

MARVIN BONDHUS, M.D.,

    Plaintiff,

v.

HENRY SCHEIN, INC.,

    Defendant.

_____/

## ORDER

This matter is before the Court on Plaintiff Marvin Bondhus's ("Plaintiff"), First Amended Motion for Class Certification ("Motion"). [D.E. 8]. It appears that Plaintiff's Motion was not filed with the intent of having a certification of class order entered at this time, but only to prevent Defendant from offering complete relief to the named Plaintiff in order to render the class action moot. Subsequent to Plaintiff filing his motion, the Eleventh Circuit Court of Appeals overruled the opinion Plaintiff relied upon for filing his Motion. Because of the change in the law, we find it appropriate to deny Plaintiff's Motion with leave to refile upon the parties conducting essential discovery that would better inform the certification issues. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)("'[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' and [ ] certification is proper only 'if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" (quoting *General Telephone*

*Co. of Southwest v. Falcon*, 457 U.S. 147, 160-61 (1982))).

Plaintiff asserts that he filed his motion for certification before affording himself or Defendant an opportunity for discovery in order to avoid affording Defendant an opportunity to "buy off" named plaintiffs through full settlement offers. [D.E. 8 at 2]. At the time of Plaintiff's filing, this measure made sense after case law suggested that a Federal Rule of Civil Procedure 68 offer of complete relief to named plaintiffs could render the class action moot. *See Keim v. ADF Midatlantic, LLC*, 2013 WL 3717737, at *6 (S.D. Fla. July 15, 2013) ("Class action plaintiffs can move to certify the class at the same time that they file their complaint . . . pendency of that motion protects a putative class from attempts to buy off the named plaintiffs"), *overruled by Keim v. ADF Midatlantic,* 586 Fed. App'x 573 (11th Cir. 2014). Nevertheless, after Plaintiff filed his motion and Defendant filed its response, the Eleventh Circuit Court of Appeals decided *Jeffrey Stein, D.D.S., M.S.D., P.A. v. Buccaneers Ltd. P'ship*, 772 F.3d 698 (11th Cir. 2014), clarifying that early filing of a motion for certification in order to preserve a class action is not necessary because the matter is in fact not moot when a Rule 68 offer of judgment is made.

In light of these changes in the law, plus our review of the meager record presented on the motion, we defer certification of the class so the parties can present the court with sufficient information to support an informed decision on certification. The parties should develop an adequate record. At this time, the Court has a very incomplete record to grant or deny a certification order. Pursuant to Local Rule 23.1(c), due to the change in legal procedures for maintaining a class action, it is appropriate

and necessary to deny Plaintiff's Motion without prejudice so that he may refile at a later date after developing an adequate record through the discovery process.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's First Amended Motion for Class Certification [**D.E. 8**] is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of March, 2015.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge