UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 14-22982-cv-TORRES

MARVIN BONDHUS, MD,
Individually and on behalf of all
others similarly situated,

      Plaintiff,

vs.

HENRY SCHEIN, INC.,
a Delaware Corporation.

      Defendant.

_____/

## CLASS ACTION SETTLEMENT AGREEMENT

      This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and between Plaintiff Marvin Bondhus ("Plaintiff"), individually and on behalf of the Settlement Class (collectively, the "Plaintiffs"), and Defendant Henry Schein, Inc. ("Defendant"). The Plaintiffs and the Defendant are collectively referred to herein as the "Parties" and each, individually, as a "Party." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Agreement and in exchange for the Settlement Benefit and other relief described herein, and subject to the final approval of the Court.

Exhibit A

## RECITALS

A.   Plaintiff's medical practice is a customer of Defendant.   That medical practice has received promotional faxes from Defendant for the past several years.

B.   On August 14, 2014, Plaintiff filed a Class Action Complaint against Defendant (the "Action"), alleging that the opt-out notice that explained how a recipient could stop unwanted faxes and which was included on the promotional faxes sent by Defendant did not comply with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"). (Dkt. 1.)[1]

C.   On October 8, 2014, Defendant answered the First Amended Class Action Complaint. Defendant denied the truth of many of the facts asserted, raised affirmative defenses, and denied any liability under the TCPA. (Dkt. 18.)[2]

D.   On October 30, 2014, the Federal Communications Commission ("FCC") issued an Order that clarified that fax advertisements must include the opt-out notice described in the TCPA and its implementing regulations, even when the fax advertisements are "solicited," *i.e.*, sent with the prior express invitation or permission of the recipient.   The FCC invited companies to apply for a retroactive waiver if they were confused about the prior application of the opt-out notice to "solicited" faxes.

E.   On November 19, 2014, Defendant moved to stay the Action on the basis that it would seek a retroactive waiver from the FCC as to promotional faxes sent to recipients who had provided prior express invitation or permission to receive such faxes, and that the granting of such a waiver would negate Plaintiff's ability to certify a class as it would lead to individualized inquiries on consent.   (Dkt. 21.)

_____

[1] On September 8, 2014, Plaintiff filed a First Amended Class Action Complaint.   (Dkt. 7.) Plaintiff's material allegations remained the same.

[2] Defendant filed an Amended Answer on October 17, 2014 (Dkt. 19.) to clarify one response.

F.   On December 17, 2014, Defendant filed its petition for retroactive waiver with the FCC.  (Dkt. 27-1.)

G.   On April 30, 2015, the Court entered an Order Granting in Part and Denying in Part Defendant's Motion to Stay and permitting Plaintiff to conduct certain discovery.  (Dkt. 46.)

H.   On June 3, 2015, Plaintiff filed a Motion to Compel Compliance with the Court's Order of April 30, 2015, that asserted Defendant had not provided Plaintiff with certain discovery. (Dkt. 48.)

I.   On June 29, 2015, the Court entered an Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Compliance without prejudice, wherein the Court ordered the deposition of James Mullins, Chief Customer Service Officer for Defendant, who had submitted a declaration in opposition to Plaintiff's Motion to Compel Compliance with the Court's Order of April 30, 2015.  That declaration detailed Defendant's position that there was a lack of uniformity in Defendant's methods for obtaining consent from its customers to receive promotional faxes, and the difficulty in harnessing that consent information for litigation purposes.  (Dkt. 58.)

J.   On August 13, 2015, Defendant produced Mr. Mullins for a deposition in New York. The deposition was conducted by proposed Class Counsel and defended by Defendant's counsel. Mr. Mullins spoke to the records, systems, and processes of Defendant.

K.   The Court previously had ordered the Parties to engage in mediation.  Despite the fact that the Order regarding mediation was stayed, the Parties nonetheless agreed to attempt to resolve this matter through private mediation with a retired judge, the Honorable Thomas R. Rakowski of the mediation firm JAMS.  Prior to the mediation – in addition to the deposition of Mr. Mullins – the Parties informally exchanged certain documents and other information that

they agreed were needed to effectively engage in the mediation process, as well as mediation statements.

L.     On August 14, 2015, proposed Class Counsel, along with Defendant's counsel and Defendant's General Counsel, met in New York for a formal mediation with Judge Rakowski. This mediation lasted all day.  The Parties were unable to reach an agreement to settle this matter at the mediation.   However, as part of his continuing efforts to resolve the matter, Judge Rakowski offered to submit to the Parties a proposal for what he would view as a fair and reasonable settlement.

M.    On August 18, 2015, Judge Rakowski presented the Parties with a framework for resolution.

N.     On August 28, 2015, the FCC granted Defendant's petition for retroactive waiver.

O.     Following additional negotiations between counsel for the Parties as well as discussions with Judge Rakowski, both Parties agreed in principle to the framework proposed by Judge Rakowski, with certain additional terms as set forth herein, and on December 22, 2015, the Parties finalized this Agreement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff and Defendant that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement and as the Court may direct, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>**AGREEMENT**</u>

**1. DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     **"Alternative Judgment"** means an Order and Final Judgment entered by the Court in a form other than as described in Paragraph 7.3.

1.2     **"Approved Claim"** means a Claim Form that (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; and (b) is signed and dated by the Settlement Class Member under penalty of perjury.

1.3     **"Claim Form"** means a document substantially in the form attached hereto as Exhibit 2, as approved by the Court.

1.4     **"Claims Deadline"** means the date by which all Claims Forms must be postmarked or received to be considered timely and shall be set as a date no later than thirty (30) days after the entry of the Final Judgment.

1.5     **"Class Counsel"** means Shawn Heller and Joshua Glickman from the Social Justice Law Collective, P.O. Box 70327, Washington, DC 20024; and Richard Bennett and Peter Bennett from Bennett & Bennett, 1200 Anastasia Ave., Office 360, Coral Gables, FL 33134.

1.6     **"Class Counsel Fees"** means the amount of attorneys' fees and reimbursement of expenses that Defendant has agreed to pay to Class Counsel, as defined in Paragraph 8.1.

1.7     **"Class Period"** means the period from August 14, 2010 until the date of Preliminary Approval.

1.8     **"Class Representative"** means the named Plaintiff in this action, Dr. Marvin Bondhus.

**1.9**    **"Court"** means the United States District Court for the Southern District of Florida, the Honorable Marcia G. Cooke or Edwin G. Torres presiding, or any Judge or Magistrate Judge who shall succeed her or him as, respectively, the Judge or Magistrate Judge in this Action.

**1.10**    **"Court of Appeals"** means the United States Court of Appeals for the Eleventh Circuit.

**1.11**    **"Defendant"** means Defendant Henry Schein, Inc.

**1.12**    **"Defendant's Counsel"** means Jordan Siev from Reed Smith LLP, 599 Lexington Avenue, 22nd Floor, New York, NY 10022 and Abraham Colman from Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071.

**1.13**    **"Effective Date"** means the first date by which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.14**    **"Final"** means one business day following the latest to occur of the following events:  (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment or Alternative Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment or the Alternative Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.  "Material modification" for these purposes means any material modification of the terms of this Agreement, and/or a limitation of the release provided in Paragraph 3 herein, in each case unless such modification is ratified by written agreement of the Parties in their sole and absolute discretion.

**1.15**    **"Final Approval Hearing"** means the hearing before the Court at which the Parties will request that Final Judgment be entered by the Court approving the Settlement Agreement.

**1.16**    **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement in every respect and conforming to the requirements of Paragraph 7.3 after the Final Approval Hearing.

**1.17**    **"HS Fax"** means any fax advertisement transmitted by or on behalf of any Released Party to any Person within the Class Period.

**1.18**    **"Notice"** means the Class Action Settlement Notice which is to be sent to the Settlement Class Members substantially in the form of Exhibit 1, attached hereto.

**1.19**    **"Notice Date"** means the date by which Defendant, in conjunction with the Settlement Administrator, commences sending Notices to Settlement Class Members pursuant to Paragraph 4.

**1.20**    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be postmarked to be considered, which shall be designated as a date sixty (60) days after the Notice Date.

**1.21**    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.22** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, appointment of Class Counsel, preliminary approval of this Settlement Agreement, and approval of the form of the Notice.

**1.23** **"Preliminary Approval Order"** means the Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, appointing Class Counsel, and directing Notice thereof to the Settlement Class.

**1.24** **"Released Claims"** means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, compensatory damages, punitive damages, liquidated damages, nominal damages, exemplary damages or multiplied damages, expenses, costs, attorneys' fees and or/obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or any other federal, state or local statutory or common law, or any other law, rule or regulation, including the law of any jurisdiction either within or outside the United States, against the Released Parties, or any of them connected in any way to the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the actual or alleged sending of any HS Fax by the Released Parties to any member of the Settlement Class including, without limitation, all claims that were brought or could have been brought in the Action relating to any such HS Fax sent, to any and all Releasing Parties.

**1.25** **"Released Parties"** means Defendant, as well as its present, past or future direct or indirect parent companies, subsidiaries, associates, affiliates, employers, employees, divisions,

agents, franchisees, franchisors, joint ventures, consultants, independent contractors, insurers, directors, managing directors, officers, employees, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, administrators, trustees, executors, attorneys, predecessors, successors in interest, assigns and vendors, or any other representatives of any of these Persons including, but not limited to, Henry Schein Practice Solutions, Inc., McAllister Software Systems, LLC, and WestFax, Inc.

**1.26** **"Releasing Parties"** means Plaintiff and all Settlement Class Members.  To the extent that a Settlement Class Member is not an individual, "Releasing Parties" shall include all of its present, past or future direct or indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, franchisors, joint venturers, successors, predecessors-in-interest, assigns, practice groups, and all of the aforementioned's present, former and future officers, directors, employees, partners, shareholders, attorneys, agents, and independent contractors.  To the extent that a Settlement Class Member is an individual, "Releasing Parties" shall include any present, former and future spouses, as well as the present, former and future heirs, executors, administrators, representatives, agents, franchisees, franchisors, joint venturers, practice groups, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

**1.27** **"Settlement"** means the mutual understanding and agreements of the Parties embodied by the terms of this Settlement Agreement.

**1.28** **"Settlement Administrator"** means Garden City Group, which, subject to the approval of the Court, will oversee the dissemination of Notice to the Settlement Class in accordance with the Preliminary Approval Order.  The Settlement Administrator will oversee administration of the Settlement and the claims process, including but not limited to issue Notice, Claim Form, and

Sample Store Credit Certificate to the members of the Settlement Class as set forth below, receive and process claims, assist Class Members with the completion and submission of claims, assign a telephone number to answer questions and provide information to Settlement Class Members, issue Store Credit Certificates to each of the Class Members who have properly submitted timely Claim Forms, and work with Class Counsel to ensure that claims fulfillment is properly implemented.

1.29   **"Settlement Benefit"** means the $3,300,000 in Store Credit that is available to be claimed by the Settlement Class on a pro rata basis up to a maximum of $100 pursuant to this Settlement Agreement.

1.30   **"Settlement Class"** means all Persons who received a HS Fax during the Class Period.

1.31   **"Settlement Class Member" or "Class Member"** means a Person in the Settlement Class who has not submitted a valid request for exclusion from the Settlement Class.

1.32   **"Store Credit"** means a credit that allows a Settlement Class Member to obtain any medical or surgical product that includes the Henry Schein brand name on the packaging.

1.33   **"Store Credit Certificate"** means a document that indicates the initial balance of Store Credit for each Settlement Class Member, a sample of which is attached hereto as Exhibit 3.

1.34   **"Supreme Court"** means the United States Supreme Court.

1.35   **"Termination Notice"** means written notice provided by the Class Representative on behalf of the Settlement Class or by counsel to Defendant to terminate the Agreement under circumstances described in Paragraph 6.

1.36   **"Unknown Claims"** means claims that could have been raised in the Action and that any Releasing Party does not know or suspect to exist which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or might affect his, her or its decision to

agree, object or not object to the Settlement. Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR." Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Action, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2. SETTLEMENT RELIEF

### 2.1 Payments to Settlement Class Members

(a) Each Settlement Class Member shall have until the Claims Deadline to submit a Claim Form. A Settlement Class Member who properly and timely submits a Claim Form shall be entitled to receive up to $100 in Store Credit within ninety (90) days of the Effective Date. Each Store Credit shall be subject to the terms and conditions set forth on the Sample Store Credit

Certificate, which is attached as Exhibit 3, and which terms and conditions are incorporated by reference herein.

(i)      The maximum total amount of Store Credit to be issued in connection with Approved Claims is $3,300,000.00 (three million three hundred thousand U.S. dollars).  Should Approved Claims be received such that the maximum total amount of individual Store Credits in the amount of $100 to be issued would be greater than $3,300,000, then the amount of each individual Store Credit shall be reduced proportionately so that the aggregate amount of all Store Credit issued in connection with Approved Claims does not exceed $3,300,000.

(b)      In submitting a Claim Form, Settlement Class Members must attest under penalty of perjury:

(i)      that the Settlement Class Member received one or more facsimile transmissions from or on behalf of one of the Released Parties, and must specify the recipient fax number; and

(ii)      That, if the Settlement Class Member is submitting the Claim Form on behalf of any Person other than himself or herself personally, the Settlement Class Member is authorized to submit the Claim Form on behalf of such Person, and to receive any share of the Settlement Benefit, or object or opt-out of the Settlement, on behalf of such Person and to bind any such Person to the terms of this Agreement.

**3. RELEASES**

**3.1**      The obligations incurred pursuant to this Settlement Agreement shall, upon the Effective Date, result in a full and final disposition of the Action and any and all Released Claims, as against the Released Parties.

**3.2** Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**3.3** Each and every term of the releases set forth herein shall be binding upon the Class Representative and each of the Settlement Class Members, and inure to the benefit of each of the Released Parties.

## 4. NOTICE TO THE CLASS

**4.1** Within thirty (30) days after the entry of the Preliminary Approval Order, the Settlement Administrator will send the Notice, Claim Form, and Sample Store Credit Certificate to each unique fax number to which the Released Parties are known to have been sent an HS Fax within the Class Period.   In the event the fax is not successfully transmitted, the Settlement Administrator shall send, within forty-five (45) days after the entry of the Preliminary Approval Order, the Notice, Claim Form, and Sample Store Credit Certificate by first class U.S. Mail to the Settlement Class Member's mailing address on file with Defendant.   The wording of the Notice shall be as set forth in Exhibit 1.

**4.2** Any Settlement Class Member who intends to object to this Settlement Agreement ("Objector") must include such Objector's name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that the Objector is a member of the Settlement Class and provide the fax number that received any HS Fax within the Class Period, and provide a statement whether the Objector intends to appear at the Final Approval Hearing with or without counsel.   Any member of the Settlement Class who fails to timely file a written objection with the Court and notice of his or her or its intent to appear at the Final Approval Hearing in accordance with the terms of this paragraph and as

detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means, and shall be deemed to have waived any objections and be forever barred from making any such objections in the Action or any other action or proceeding.  To be valid, the objection must be filed and sent to Class Counsel and counsel for Defendant on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

4.3      A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her/its name and address, the fax number that received any HS Fax within the time period, a signature, the name and number of the case, and a statement that he/she/it wishes to be excluded from the Settlement Class. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.

4.4      The cost of service of the Notice, Claim Form, and Sample Store Credit Certificate, and the Settlement Administrator (and its related costs), shall be borne solely by Defendant, and will not operate to reduce the total amount of the Settlement Benefit or the pro rata share of the

Settlement Benefit available to any member of the Settlement Class who submits a timely, valid claim.

## 5. SETTLEMENT ADMINISTRATION

**5.1**     The Settlement Administrator shall administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement, and shall make such records available to Class Counsel and counsel for Defendant upon reasonable request.

**5.2**     The Settlement Administrator shall determine whether each Person who submits a Claim Form is a member of the Settlement Class by cross-referencing the fax number provided on the Claim Form against the list of unique fax numbers to which Defendant transmitted HS Faxes.

The Settlement Administrator may reject a Claim Form where the fax number provided on the Claim Form does not appear on Defendant's list of unique fax numbers to which Defendant transmitted a HS Fax within the Claims Period.  In the event a Person submits a timely Claim Form by the Claims Deadline where Claim Form lists a fax number that appears in Defendant's records but otherwise is not complete, then the Settlement Administrator shall give such Person a reasonable opportunity to provide any requested missing information, but such information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline. Any Claim Form submitted without a fax number matching the list of unique fax numbers to which Defendant transmitted a HS Fax shall be denied.

**5.3**     Upon acceptance of a Claim Form as valid, the Settlement Administrator shall send to the Settlement Class Member a Store Credit Certificate to the fax number specified on the Claim Form.  The Store Credit Certificate will include a dedicated toll-free telephone number staffed by

Defendant that Settlement Class Members will be required to use to place an order with Defendant using the Store Credit Certificate.  Settlement Class Members can contact the Settlement Administrator by telephone or email to ask questions and to obtain a list of available products for purchase.

For each order placed with the Store Credit Certificate, Defendant shall calculate the dollar amount of Store Credit remaining after each use by a Settlement Class Member, if any, and maintain such information in its records.  The Settlement Class Member is permitted to use the Store Credit Certificate until the entire value of the Store Credit is used, subject to all of the terms and conditions on the Store Credit Certificate.

A Settlement Class Member has no vested property interest in the Store Credit Certificate unless and until that Settlement Class Member presents the Store Credit Certificate to Defendant for use, and then only in the amount for which the Store Credit Certificate is actually used to purchase any medical or surgical product that includes the Henry Schein brand name on the packaging.

**5.4**    The Parties agree to keep all information about the settlement administration process—including, without limitation, all information received pursuant to Paragraph 5 of this Agreement, such as claims reports, information concerning opt-outs, and the Settlement Class list—confidential, and may use such information only for purposes of effectuating this Settlement.

**5.5**    Upon the agreement of the Parties, and subject to the approval of the Settlement Administrator, changes can be made to the provisions of this Paragraph for the purpose of better effectuating the Settlement.  All such changes must be identified to the Court in connection with the Motion for Final Approval of the Settlement.

**6. TERMINATION OF SETTLEMENT**

**6.1**      Subject to Paragraph 9 below, the Class Representative, on behalf of the Settlement Class, and the Defendant, shall each have the right to terminate this Agreement by providing Termination Notice to all other Parties hereto within twenty-one (21) business days, of any of the following events: (i) the Court's refusal to grant the Preliminary Approval Order; (ii) the Court's refusal to grant Final Judgment; (iii) the Court's modification of any of the terms of this Agreement at or after the preliminary or final approval hearing; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2**      **THIS AGREEMENT, ONCE SIGNED, MAY NOT BE TERMINATED BY EITHER PARTY ON THE BASIS OF ANY SUBSEQUENT DECISION BY THE FCC, EVEN IF THE EFFECTIVE DATE OF THE SETTLEMENT AGREEMENT HAS NOT YET ARRIVED.**

**7. PRELIMINARY APPROVAL ORDER AND JUDGEMENT**

**7.1**      Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement.  Such Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of the Settlement Class Members. Such Preliminary Approval Order shall also enjoin the commencement or prosecution of any

other litigation with respect to the Released Claims pending final decision on approval of this Settlement Agreement.

**7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel and Defendant shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the Settlement of this Action as set forth herein.

**7.3**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment. The Final Judgment the Parties shall seek will (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

(b)     approve the Settlement Agreement and the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and the Releasing Parties;

(c)     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)     find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e)     dismiss the Action (including all Released Claims) on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

(f)     incorporate the release set forth above, make the release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims; and

(h)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

## 8. FEE AWARD AND INCENTIVE AWARD

**8.1     Class Counsel Fee Agreement.** The Parties shall advise the Court that they have agreed to all material terms of the framework for resolution submitted by Judge Thomas Rakowski, which provided, in part, for the payment by Defendant of attorneys' fees to Class Counsel in the amount of $1,100,000, which is equal to thirty-three percent (33%) of the total Settlement Benefit ($3,300,000), inclusive of all reasonable costs and out-of-pocket expenses.

**8.2     Payment of Class Counsel Fees.** Within ten (10) business days after the Effective Date, and subject to Paragraph 9 of this Settlement Agreement, Defendant shall pay the Class Counsel Fees to Class Counsel via wire transfer to an account designated in writing by Class Counsel.

Class Counsel agrees to reasonably cooperate in the provision of any tax identification information requested by Defendant for accounting or compliance purposes.

**8.3    Incentive Award Agreement.**  The Parties shall advise the Court that they have agreed to the terms of the framework for resolution submitted by Judge Thomas R. Rakowski, which provided, in part, for the payment by Defendant of an incentive award of $5,000 to the Class Representative, Plaintiff Marvin Bondhus, MD, as compensation and in recognition of his efforts on behalf of the Settlement Class.

**8.4    Payment of the Incentive Award.** Within ten (10) business days after the Effective Date, and subject to Paragraph 9 of this Settlement Agreement, Defendant shall pay the incentive award awarded to the Class Representative by the Court via wire transfer to an account designated by Class Counsel. Class Representative agrees to reasonably cooperate in the provision of any tax identification information requested by Defendant for accounting or compliance purposes.

**9. CONDITIONS OF SETTLEMENT**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs.  If each and every one of the following events occurs, the Effective Date shall be the date upon which the last in time of the following events occurs:

(a)    This Agreement has been signed by Plaintiff, Class Counsel, and Defendant;

(b)    The Court has entered the Preliminary Approval Order;

(c)    The Court has entered the Final Judgment or an Alternative Judgment which has the consent of the Parties in their sole and absolute discretion; and

(d)    Such Final Judgment or Alternative Judgment becomes Final.

**9.2**     If the condition of Paragraph 9.1(b) is not met after the Court rules on Preliminary Approval, or the condition of Paragraph 9.1(c) is not met after the Court rules on Final Approval, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with any of its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3 unless Plaintiff, Class Counsel and Defendant mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, and provided it has given the other Party written notice and a reasonable opportunity to cure any material breach, may terminate this Agreement on notice to all of the Parties.

**9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 9.1 or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment, Alternative Judgment, or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10. MISCELLANEOUS PROVISIONS

**10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.  Class Counsel and Defendant agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment.  Class Counsel and Defendant shall also promptly agree upon and execute all

such other documentation as may be reasonably required to obtain final approval of the Agreement, and shall not object to or otherwise challenge, directly or indirectly, any of the terms contained in this Agreement.

**10.2**       The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims against the Released Parties, and each or any of them.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**   Aside from the filing of papers with the Court related to the Settlement, neither Class Counsel nor Class Representative shall, nor shall they cause any other Person to, issue any press release or make any public statement, or contact any member of the press or media, with regard to the Settlement or any terms thereof, without the express written authorization of Defendant. This prohibition is inapplicable to Class Counsel's communications with Class Members or potential Class Members.  Nothing in this Paragraph shall be interpreted to prevent Defendant from issuing any press release or making any public statement.

**10.4**   The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal rights and/or liabilities for the claims hereby released.  The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.5**   Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the amount of the Settlement Benefit or the Fee or Incentive Award, or of the truth of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)     is, may be deemed, or shall be used, offered, or received against Released Parties as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Released Party may file this Agreement and/or the Final Judgment in any action that may be brought against such Released Party in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**10.6**   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.7**    The waiver by one Party of any breach of any provision of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.8**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.9**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and, if necessary, approved by the Court.

**10.10**   Except as otherwise provided herein, each Party shall bear its own costs, fees and expenses.

**10.11**   Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person and that he is fully entitled to release the same.

**10.12**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.13**   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.14**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.15**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

**10.16**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

**10.17**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.18**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel by email and/or overnight mail:

Shawn A. Heller, Esq.
Joshua A. Glickman, Esq.
Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
shawn@sjlawcollective.com
josh@sjlawcollective.com

Peter Bennett, Esq.
Richard Bennett, Esq.
Bennett & Bennett
1200 Anastasia Ave., Ofc 360

Coral Gables, FL 33134
peterbennettlaw@gmail.com
Richardbennett27@gmail.com

*Settlement Class Counsel*

and

Jordan Siev
Reed Smith LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022
jsiev@reedsmith.com

Abraham Colman
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
acolman@reedsmith.com

*Defendant's counsel*

Dated:  December 23, 2015                    PLAINTIFF MARVIN BONDHUS

 *s/ Marvin Bondhus*

Marvin Bondhus, Individually and as
Class Representative

Dated: December 23, 2015                    HENRY SCHEIN, INC.

 *s/ Walter Siegel*

By:    Walter Siegel
Title:   Senior Vice President and General
Counsel

IT IS SO STIPULATED:

Dated: December 23, 2015                    Social Justice Law Collective
                                            *Attorneys for Plaintiff*

 *s/ Shawn Heller*

By:    Shawn Heller

Dated: December 23, 2015                    Bennett & Bennett
                                            *Attorneys for Plaintiff*

 *s/ Richard Bennett*

By:    Richard Bennett

# CLASS ACTION SETTLEMENT NOTICE

**Marvin Bondhus MD v. Henry Schein, Inc., Case No.** 14-22982-Civ-TORRES (So. Dist. Fla.)

**You may be entitled to receive up to $100 in store credit to acquire Henry Schein brand medical and surgical supplies as part of a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## SUMMARY

Plaintiff Marvin Bondhus, MD, on behalf of himself and similarly-situated former and current Henry Schein, Inc. customers, alleged that Henry Schein, Inc. ("Henry Schein") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, by not including the statutorily required opt-out notice language on fax advertisements sent to customers so that they may stop receiving unwanted faxes. Henry Schein expressly contends that the opt-out language it used fully complies with the TCPA and denies that this case is appropriate for treatment as a class action. The Court did not decide in favor of the Plaintiff or Defendant. Both sides agreed to a settlement instead of going to trial.

You received this notice because records indicate that between August 14, 2010 and **[preliminary approval date]** ("Class Period"), Henry Schein and/or its subsidiaries or affiliates sent one or more fax ads (a "Henry Schein Fax") to a fax number associated with your medical or dental practice.

Henry Schein has agreed to provide store credit to Settlement Class Members who submit a valid claim form in a total amount not to exceed $3,300,000. A **Settlement Class Member** is a person who received a Henry Schein Fax during the Class Period and who has not submitted a valid request for exclusion from the Settlement Class. As a Settlement Class Member, you may enter an appearance in the case and employ an attorney if you desire.

Henry Schein has agreed to provide each member of the Settlement Class who submits a timely and valid claim form with a pro-rata distribution of the settlement amount ($3,300,000), not to exceed $100.00 in store credit, which may be used to acquire any medical or surgical product that includes the Henry Schein brand name on the packaging. Terms and conditions apply, and are set forth in full in the accompanying Sample Store Credit Certificate. If you received a fax from Henry Schein to your fax number and wish to receive store credit from the settlement, please submit a valid claim using the form attached hereto.

**The Lawyers Representing You.** The Court appointed the law firms of the Social Justice Law Collective in Washington, DC and Bennett & Bennett in Miami, Florida to represent you and other members of the Settlement Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Henry Schein has agreed to pay Class Counsel attorneys' fees in the amount of $1,100,000, which is equivalent to thirty-three percent (33%) of the total settlement, inclusive of all fees and reasonable out-of-pocket expenses, to compensate them for investigating the facts, litigating the case, and negotiating the Settlement. Henry Schein has also agreed to pay $5,000 to Marvin Bondhus for his services as Class Representative.

These funds will be paid separately by Henry Schein, Inc. and will not operate to reduce the total amount of settlement, or the pro rata share of the total settlement available to any member of the Settlement Class who submits a timely, valid claim. <u>No member of the Settlement Class will have to pay any money to Class Counsel or the Class Representative</u>.

## YOUR RIGHTS AND OPTIONS (INCLUDING DEADLINES)

<u>Please submit a valid claim if you wish to participate</u>. To receive a store credit, you must complete and mail or fax the attached claim form to the Settlement Administrator, who will verify your claim. **All Claim Forms must be postmarked or faxed by [DATE].** If you do not send in a valid claim form, and take no other action, you will not receive a store credit from this settlement but will release all claims against Henry Schein, Inc. and its subsidiaries and affiliates. If the Settlement Administrator accepts your Claim Form, you will receive a Store Credit

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE

Exhibit 1

Certificate via fax to use to obtain any medical or surgical product that includes the Henry Schein brand name on the packaging.  If you have any questions about properly filing a claim form, or to verify that the claim form was approved, contact the Claims Administrator at [NUMBER].

**Excluding Yourself from the Settlement.**  If you do **NOT** want to participate in the Settlement, you may exclude yourself by submitting a written request.  If you were to exclude yourself, you would receive nothing from this settlement.  If you do not exclude yourself, you will be bound by the terms of the Settlement.  The Court will exclude from the class any member who requests exclusion.

To exclude yourself from the Settlement, you must mail or fax a letter to the Settlement Administrator that states you want to be excluded from *Bondhus v. Henry Schein, Inc.*, Case No. 4:14-cv-22982 (S.D. Fla.).  Be sure to include your full name, address, telephone number and identify the fax number you maintain received a fax.  You must also include a statement that you wish to be excluded from the Settlement and sign the letter.  **You must mail your exclusion request postmarked or faxed no later than Month XX, 201X** to: Settlement Administrator at [ADDRESS] or [FAX NUMBER].

**Objecting to the Settlement.**  If you are a Settlement Class Member, and have not excluded yourself from the Settlement, you can object in writing to any aspect of the Settlement by filing an objection with the Court.  Anyone who objects to the Settlement may ask to appear to speak at the Final Approval Hearing.

To object, you must send a letter to the Court, with copies to both Class Counsel and Defense Counsel, saying that you object to the proposed Settlement in *Bondhus v. Henry Schein, Inc.*, Case No. 4:14-cv-22982 (S.D. Fla.).  Be sure to include your full name, address, telephone number, the reasons you object to the Settlement (including any citations and evidence that you are relying on) and whether you intend to appear at the Fairness Hearing, on your own behalf or through an attorney.  **Your objection to the Settlement must be postmarked no later than Month XX, 201X**.  The objection must be mailed to:

| | | |
|---|---|---|
| Clerk of the Court | Richard Bennett | Jordan Siev |
| U.S. District Court for the | Bennett & Bennett | REED SMITH LLP |
| Southern District of Florida | 1200 Anastasia Avenue | 599 Lexington Avenue |
| 400 North Miami Ave. | Office 360 | 22nd Floor |
| Miami, FL 33128 | Coral Gables, FL 33134 | New York, NY 10022 |

If you fail to file a timely written objection to the Settlement, you will not be permitted to object to the Settlement at the Final Approval Hearing (discussed below), will not be able to seek any review of the Settlement by appeal, and will have waived any objections to the Settlement and the case.

**The Final Approval Hearing.**  The Court has preliminarily approved this Settlement and will hold a hearing to decide whether to grant final approval of the Settlement.  This Final Approval Hearing will be held at [TIME] on [DATE] at the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, FL 33128 in Courtroom ___.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and service awards, and in what amounts.  If there are objections, the Court will consider them.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long it will take the Court to issue its decision.  It is not necessary for you to appear at this hearing, but you may attend at your own expense.

Copies of relevant Court documents can be obtained by calling or e-mailing the Settlement Administrator at [NUMBER AND EMAIL].  Do not call the Court.

*THIS IS NOT AN UNSOLICITED FAX ADVERTISEMENT.  THIS NOTICE IS NOT REQUIRED TO INCLUDE OPT-OUT LANGUAGE. THE COURT AUTHORIZED THE SENDING OF THIS NOTICE TO YOU VIA FAX.*

QUESTIONS?  CALL 1-XXX-XXX-XXXX TOLL FREE

# HENRY SCHEIN, INC. SETTLEMENT CLAIM FORM

*Marvin Bondhus, MD v. Henry Schein, Inc.,* No. 1:14-cv-22982 (S.D. Fla.)

**Your Verified Information**

1.  Your name: _____

2.  The name of the medical/dental practice that is a Henry Schein, Inc. or its subsidiaries/affiliates' customer:

    _____

3.  Address: _____

    City: _____  State: _____  Zip Code: _____

3.  Contact telephone number: _____

4.  Contact email address: _____

5.  Fax number where faxes were received: _____

**CERTIFICATION**

By submitting this claim form, I certify under penalty of perjury that after August 13, 2010, the medical/dental practice identified above received one or more facsimile transmissions from or on behalf of Henry Schein, Inc. or its subsidiaries or affiliates to the fax number identified above. I certify that I am authorized to submit this claim form on behalf of the medical/dental practice, and to receive the Henry Schein, Inc. Store Credit on behalf of the medical/dental practice and my claim and acceptance of settlement benefit will bind the entire practice. I also certify that the information supplied herein is true and correct according to the best of my personal knowledge.

_____        _____
Date                                     Signature

**Return the Claim Form**

SETTLEMENT ADMINISTRATOR
[INSERT ADDRESS]

or by fax at [XXX-XXX-XXXX] or by email at [xxx@xxx.com]

Your mailed or faxed claim form must be postmarked or faxed **on or before [DATE]**.

**YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU.  PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING AND VERIFICATION OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME.  THANK YOU IN ADVANCE FOR YOUR PATIENCE.**

**QUESTIONS?  A COPY OF THE CLASS NOTICE, SETTLEMENT AGREEMENT AND OTHER INFORMATION REGARDING THE SETTLEMENT IS AVAILABLE BY CALLING THE CLAIMS ADMINISTRATOR TOLL-FREE AT (XXX) XXX-XXXX OR VIA E-MAIL AT XXX@XXX.COM.**

Exhibit 2

SAMPLE STORE CREDIT CERTIFICATE

**CLASS ACTION SETTLEMENT CERTIFICATE FOR $100 STORE CREDIT
ON MEDICAL OR SURGICAL PRODUCTS THAT INCLUDE THE HENRY SCHEIN BRAND ON
THE PACKAGING**
*Marvin Bondhus, MD v. Henry Schein, Inc.,* No. 1:14-cv-22982 (S.D. Fla.)

Henry Schein certifies that it has granted a $100 Store Credit* to:

ABC DENTAL PRACTICE       Account #XXXXXX            Fax # XXX-XXX-XXXX

Redemption Code: [CODE]             Call 1-800-XXX-XXX to redeem Store Credit

### Terms and Conditions

This certificate is non-transferable.  This certificate may be used within the six month time period commencing on (date of fairness hearing) to acquire any medical or surgical product that includes the Henry Schein brand name on the packaging.  There is no minimum purchase.  Standard terms and conditions apply, including shipping and handling charges and sales tax (if applicable) that cannot be paid using the store credit.  Standard shipping and handling charges are a total of $5.25 for any order over $200.00, or $14.25 for any order under $200.00 and must be paid, along with any amount of the order over the store credit amount, plus tax (if applicable), by cash or check.  The store credit can be used as many times as desired to reach the $100 total value, i.e. if you use the store credit for a $40 purchase, you can use the store credit as many times as necessary for you to spend the $60 remaining credit, prior to its Expiration Date, but shall not entitle the holder to any cash payment should the store credit be used in an amount less than its value.  This certificate may not be used in connection with any other discount, offer, or special.  Please call or email Garden City Group if you have questions about the use of this certificate at xxx-xxx-xxxx or xx@xx.com for additional information.

* THE ACTUAL AMOUNT OF STORE CREDIT WILL BE BASED ON THE NUMBER OF VALID CLAIMS THAT ARE SUBMITTED. THE DEFENDANT WILL PROVIDE EACH MEMBER OF THE SETTLEMENT CLASS WHO SUBMITS A VALID CLAIM FORM WITH A PRO-RATA DISTRIBUTION OF THE $3,300,000 SETTLEMENT AMOUNT, NOT TO EXCEED $100.00 IN STORE CREDIT THAT MAY BE USED TO ACQUIRE MEDICAL OR SURGICAL PRODUCTS THAT INCLUDE THE HENRY SCHEIN BRAND ON THE PACKAGING.

A CATALOG OF AVAILABLE MEDICAL AND SURGICAL PRODUCTS THAT INCLUDE THE HENRY SCHEIN BRAND NAME ON THE PACKAGING IS AVAILABLE BY CALLING THE SETTLEMENT ADMINISTRATOR AT (XXX) XXX-XXXX OR VIA E-MAIL AT XX@XX.COM

Exhibit 3