## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-22982-TORRES

CONSENT CASE

MARVIN BONDHUS**,** MD,
individually and on behalf
of all others similarly situated,

      Plaintiff,

vs.

HENRY SCHEIN, INC., a
Delaware Corporation,

      Defendant.

_____/

## ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND AUTHORIZING <u>NOTICE TO THE SETTLEMENT CLASS</u>

This matter is before the Court on the Parties' "Joint Motion for Preliminary Approval of Class Action Settlement and incorporated Memorandum of Law" ("Joint Motion") [D.E. 72]. After review and consideration of the Joint Motion, settlement agreement, declarations, and arguments presented in Court on February 18, 2016, and having been otherwise fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.    By stipulation of the parties, and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court conditionally certifies the following Settlement Class, for settlement purposes only:

All Persons who received a HS Fax during the Class Period.[1]

The Parties have expressly agreed to this Settlement Class definition for settlement purposes.

2.     The Court finds that this conditional class certification is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical, (b) there are common questions of law and fact that predominate over any questions affecting only individual class members, (c) Plaintiff's claims are typical of the claims of the class, (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Settlement Class, and (e) a class action is the superior method for resolving this controversy, given the nature and small size of the class members' individual claims and their lack of interest in individually controlling the prosecution of separate actions, and that resolution on a class wide basis will promote judicial economy and efficiency.

3.     The Court further finds that this conditional class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3), because questions of law and/or fact common to members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

4.     The Court further finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, including all exhibits thereto, is preliminarily

---

[1]     "HS Fax" and "Class Period" are defined in the Joint Motion [D.E. 72].

approved for the purposes of settlement, pursuant to Federal Rule of Civil Procedure 23(e). The Court finds that the terms of the Settlement Agreement were the result of wide-ranging discovery, were the product of extensive, arm's length negotiations between experienced counsel, and thus are fair, reasonable and adequate, and well within the range of reasonableness for preliminary settlement approval.

5.      The Court appoints Marvin Bondhus ("Plaintiff"), as the "Class Representative" for the Settlement Class, and appoints Plaintiff's attorneys (Richard Bennett and Peter Bennett of Bennett & Bennett, and Joshua A. Glickman and Shawn A. Heller of the Social Justice Law Collective, PL) as "Class Counsel" for the Settlement Class.

6.      In compliance with the Class Action Fairness Act 28 U.S.C. § 1715, Defendant shall serve written notice of the proposed settlement on the U. S. Attorney General and the state attorneys general.

7.      The Settlement Agreement is incorporated by reference into this Order and is hereby preliminarily adopted as an Order of this Court.

8.      The Settlement Agreement proposes notice to the Settlement Class in the form of Exhibit A-1 attached to the Joint Motion, and by facsimile transmission to the facsimile telephone numbers of the Settlement Class members. The Parties further agree that the Settlement Administrator shall send the Class Notice by first class U.S. mail to the mailing address on file with Defendant of any Settlement Class member whose Class Notice was not successfully transmitted. The Court finds that the manner and substance of the proposed Class Notice is the best practicable notice under the

circumstances and is reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the Settlement Class. The Court further finds that the proposed Class Notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it satisfies the requirements of due process and Federal Rule of Civil Procedure 23. The plan is thus approved and adopted. The Court orders that the Parties provide the Class Notice to the Settlement Class within thirty (30) days following entry of this Order, in the manner, form and substance as proposed by the Parties in the Settlement Agreement.

9.    The Court preliminarily appoints Garden City Group as the Settlement Administrator, which shall provide notice and administer the settlement in accordance with the terms and conditions of the Settlement Agreement and this Order.

10.    All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.

11.    The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

12.    The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)    Requests by any Settlement Class member to opt out of the settlement must be filed on or before May 2nd, 2016, or be forever

4

barred. The Court shall rule on all requests for exclusion on May 19, 2016;

(b)    Any objections or motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before May 9, 2016, or be forever barred; and

(c)    Memoranda regarding any objection or motion to intervene at the Final Fairness Hearing must be filed in this Court, and postmarked and served on Class Counsel and Defendant's counsel on or before May 12, 2016, or be forever barred.

13.    The Final Fairness Hearing, identified in the Class Notice, is hereby scheduled for May 19, 2016, at 10:00 am/pm, at James Lawrence King Building, 99 NE 4th St, Courtroom 5, Miami, Florida, 33132, to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of February, 2016.

                                      */s/ Edwin G. Torres*

                                      EDWIN G. TORRES
                                      United States Magistrate Judge